UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                Case No.  8:07-cr-82-T-24 MAP

DANIEL PREWETT

    Defendant.
_____/

## **ORDER**

    This cause comes before the Court on Defendant Daniel Prewett's motion for reconsideration of this Court's denial of his motion for an extension of time to file a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 126).

    On February 28, 2011, Prewett filed a motion to extend his deadline to file a § 2255 motion. (Doc. No. 117).  Specifically, Prewett sought an extension of either 90 days from the March 1, 2011[1] deadline to file his § 2255 motion or 90 days from the date Prewett arrived at his newly designated facility.  *Id.* at 1.  In the motion to extend his § 2255 deadline, Prewett urged the Court to grant him an extension because he was in the process of being transferred from a prison facility in Fort Dix, New Jersey to a prison facility in Miami, Florida and was without access to his legal documents and typing supplies.[2]  *Id.* at 2, 7.  At the time Prewett prepared the

---

    [1]Prewett stated that March 3, 2011 was the deadline to file his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  However, the actual deadline for the filing of Prewett's § 2255 motion was March 1, 2011 as the Supreme Court denied his petition for certiorari on March 1, 2010.  *See* 28 U.S.C. § 2255(f).

    [2]At the time Prewett filed his motion to extend his § 2255 deadline, he was housed at a temporary holding facility in Brooklyn, New York.  (Doc. No. 117 at 2).

motion for extension, he stated that he had been without access to his legal documents and typing supplies for 94 days. *Id.* at 2. On February 28, 2011, the Court denied Prewett's motion for an extension of time to file his § 2255 motion. (Doc. No. 118). On May 13, 2011, Prewett filed the instant motion for reconsideration. (Doc. No. 126).

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted). Prewett urges the Court to reconsider its denial of his motion for an extension of time to file his § 2255 motion because new evidence is now available to show the Court that he is entitled to an extension of his § 2255 filing deadline.[3] Prewett submits the following evidence to the Court: (1) Prewett's affidavit; (2) copies of Prewett's numerous written requests to obtain his legal documents and typing supplies while he was in transit from Fort Dix, New Jersey to Miami, Florida; (3) copies of pack-out slips from prison facilities in Fort Dix, New Jersey and Brooklyn, New York;[4] and (4) a copy of the document that Prewett signed when he obtained his property at the prison facility in Miami, Florida. (Doc. No. 127, Exhs. A-I).

The Court finds that consideration of Prewett's motion for reconsideration is justified due to the new evidence that was obtained by Prewett from the Bureau of Prisons and U.S. Marshal

---

[3]Prewett states that he did not have this new evidence available when he filed his initial motion for extension because the documentation was in the sole custody of the Bureau of Prisons and U.S. Marshal until March 29, 2011 when it was released to Prewett. (Doc. No. 126 at 1).

[4]The copies of his pack-out slip from Fort Dix and initial pack-out slip from Brooklyn were originally included as exhibits to his motion for extension of time to file his § 2255 motion. (Doc. No. 117, Exhs. A-B).

Service.  Upon review of this newly submitted evidence and the stated arguments in Prewett's motion for reconsideration, the Court grants Prewett's request for an extension of time to file his § 2255 motion.

Accordingly, Prewett's motion for reconsideration of this Court's order denying his motion for an extension of time to file a motion pursuant to 28 U.S.C. § 2255 (Doc. No. 126) is GRANTED.  Prewett is directed to file his § 2255 motion by July 1, 2011.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of May, 2011.

Copies to:
Counsel of Record
*Pro Se* Daniel Prewett

SUSAN C. BUCKLEW
United States District Judge